JUSTICE HUNT
dissenting.
I concur with Justice Trieweiler’s dissent on Issue 1.1 also dissent on Issue II. When Mark W. Zuber signed the lease with the State of Montana for “Dawson County Pheasants Forever” as president, he became individually liable on the lease to the State of Montana if he represented an entity that for any reason could not hold an interest in real estate. He could not escape that liability any more than he could escape the liability if he had not signed as president of the organization but signed as an individual. I see nothing in the statutes or the common law that would change that result. He furnished the necessary documents with his bid that included his address and telephone number, and there is nothing in the record to show that it would be any more difficult to trace him to answer for any breach of the lease to the State. I would reverse on this ground alone.
But I would like to add, in addition, that Mr. Zuber was not served in the proceedings, according to the record, despite the fact that his address and telephone number were immediately available. Apparently no attempt was made to find out from him, or any other official *338 of the organization he represented, the necessary proof of the right to hold property. Counsel for the unsuccessful bidder wrote a letter to the Montana Secretary of State asking for information about the status of the Dawson County organization and was advised that there was no record of that entity on file, and of course, there is not. But the record does disclose that upon the Department of State Lands’ appeal for reconsideration of the findings of fact, conclusions of law, and judgment of the District Court, a document was produced, duly filed with the Secretary of State, of a Minnesota corporation of Pheasants Forever, Inc., and accompanying that document was an affidavit by the secretary/ treasurer of the Dawson County Pheasants Forever stating that such an organization did exist and was a duly authorized chapter of the registered “Pheasants Forever, Inc.” The District Corut denied the motion to reconsider.
The local chapter was not incorporated, and therefore, its title would not appear in the Secretary of State’s office. With a shortage of personnel and 10,000 leases through the State of Montana, the Department of State Lands is not in the position to determine the legal status of each of its lessees to determine if they can hold an interest in property. Until the majority opinion, it did not have to.
I would reverse on the grounds that the individual who signed the lease was a proper individual to hold a leasehold interest. At the very least, I would remand for a hearing to consider all of the evidence presently in the file in order to determine if the Dawson County Pheasants Forever organization is capable of holding a lease.